All right, our third case for this morning is United States v. Graham.  Good morning. Hiram Graham made several arguments in mitigation of his sentencing hearing. He filed a sentencing memorandum in advance of sentencing, and he repeated his arguments during the sentencing hearing. He talked at length about his extraordinary family circumstances, which included being the sole provider for his significant other and their six children, one of whom was born with a congenital breathing disorder. But Mr. Graham made some pretty serious mistakes. Even before the robberies, he begins stealing from the Aldi. That's what gets him fired. And then he uses his knowledge of the way the store operates itself to rob six stores, to terrorize the people who were there. This is not great behavior, and so I'm not sure why the district court can be said to have been out of bounds with the sentence that was chosen. Well, we're not challenging the reasonableness of the sentence. This court has repeatedly said that before we can evaluate the reasonableness of the sentence, the court has to be confident that the sentence itself is procedurally sound. That is, that the court considered all of the relevant sentencing factors, including the arguments in support, the arguments in mitigation in support of the sentence that it imposes. We don't dispute that this was a serious case. The court was free to consider and should have considered the seriousness of the case. Well, I'll agree with you that the court was pretty brief about the points that Mr. Graham was making, but it does actually say that it understands that he has these financial challenges, that that might be his explanation, but the court just doesn't find that a persuasive mitigating factor. I mean, it could have been a two-page comment, but it wasn't. At least that the court touches on it, right? The court has said that I have a couple of responses to that. The first is that this court has repeatedly said that a district court's evaluation of a mitigation argument has to be material. Judge Wood, in the Vidal case, Your Honor, writing for the majority, noted that the mention of a word is not the same thing as a discussion or an explanation. The court simply touched on it. I agree that it probably rejected the financial distress argument, but it didn't really explain why. But Vidal was a very different case because that involved a medical evaluation and a mental health evaluation, and whether or not the court had sufficiently considered the impact of a mental health evaluation. Correct. Here, would you agree that the thrust of the mitigation arguments really were his financial condition, and that being what drove him? I think I would agree that the two primary arguments that we made in support in mitigation, one was the financial distress and the second was the extraordinary family circumstances. But weren't the family circumstances arguments really linked to the financial condition, the fact that he needed to provide for these six children, the fact that one of them had medical conditions that resulted in a lot of medical bills, and he was strapped in a financial condition? It wasn't the typical I need to physically be there to care for a child who has some kind of disability. Reading the transcript, it seemed that you were arguing the six children have been a real financial strain, and I lost my job and couldn't handle them. I think all of the sentencing arguments in this case were interconnected. The drug use that started while he was working two jobs to stay up, that committed or contributed to his involvement in the offense. The problem with just addressing the seriousness of the case, and again, that wasn't disputed below, it's not disputed here. But it wasn't just addressing the seriousness, and he certainly did that. But as Judge Wood pointed out, he talked about the financial issue and said something that does not provide a meaningful excuse for what he did here. Appendix 9, he says, I appreciate, like so many, we are confronted with financial challenges, and that may serve as an explanation, but as you said, it certainly does not provide for a meaningful excuse. And then he goes on to explain why he doesn't think it's a meaningful excuse, because it wasn't spur of the moment, it was very well planned. I think one way of, I guess, interpreting or rephrasing what the court said is, I heard what you said, but it doesn't matter. I'm not persuaded that it's a good enough reason to give you a lower sentence. Well, again, what the court's... I don't think the court's being callous about this man's financial problems, but he commits some pretty serious offenses. He does, but under this, I guess, approach or theory, it doesn't really matter whether the person who commits the offense was a career offender who was robbing someone because they get a kick out of doing it, or whether... Assuming what I'm supposed to do under 3553A, you are a defendant standing before me, one of the things I have to do is look at your history and characteristics. And you have argued mitigating circumstances because of your financial condition and need to care for your children. I am considering those, but I'm not persuaded that that should give you the break that you're asking for. If that is what the court said, I don't think we would be standing here. But the court didn't say that. The court basically said that I appreciate that you, like so many of us, we have financial difficulties, but that doesn't justify or explain. We weren't offering it as an excuse or a defense, but the context of why someone engages in criminal activity, the circumstances that lead this human being to be in that situation are required consideration under 3553. But why wasn't that a sufficient consideration when the judge specifically acknowledged it, but said, I don't find that as a meaningful excuse because of the following? And he did that when he was talking about his history and characteristics. He did that talking about the seriousness of the offense. Again, if the district court had said, I've considered your family circumstances, the financial distress, but this crime is just too serious. And that seriousness outweighs these things. How picky are we supposed to be, though? I mean, frankly, reading the transcript from the common sense point of view, that's the message I got from it, that this was just too serious. You planned it. You terrorized these people. You did all these things that were bad, and I just can't justify giving you a lower sentence. Now, he doesn't quite use the phrasing Judge St. Eve has, but surely we can try to derive the meaning of the judge's words. We're going back to where having us do the sentencing. You want our court, the court of appeals, to do the sentence, to say the kind of words that you're saying. I say, no, he should have said that if that's what he meant. There was nothing wrong with the words he said to support the sentence he gave. The problem with the sentence is that this isn't so much with the words that were said as it is with the words that were not said. Again, the court said nothing about the drug addiction. The court in the prior argument addressed deterrence the defense raised. But as Judge Wood pointed out, he planned this thing. He knew it, and he terrorized the people. I mean, he could have stopped there. 3553A, one, the nature or the history and characteristics of the defendant are not an optional sentencing consideration. They're required, and that wasn't done in this case. I see I have a minute left. I'm going to reserve my time. All right. You may reserve this. Ms. Stewart? Yes, good. I was going to recommend that you might want to take advantage of our moving podium. I always do. I have to do that. May it please the court. Julie Stewart on behalf of the United States of America. The problem in this case is that the defendant didn't like the court's explanation for the sentence. It's not that the court didn't sufficiently explain the sentence or that the court didn't comply with all of its procedural requirements. It absolutely did on a number of occasions. It addressed the principal arguments in mitigation that the defense has conceded were interrelated, all of the arguments. And what was the principal argument in mitigation? It was the defendant's financial circumstances based on his family obligations to care for these six children. The court addressed those financial circumstances, and it explained why those financial circumstances weren't sufficient to overcome the extremely violent, serious nature of six armed robberies and a seventh attempted armed robbery in which the defendant admitted that he was carrying a loaded gun. Ms. Stewart, the court did not specifically address the defendant's cocaine usage or education. Is there some argument that that was implicitly addressed, or how do you get around that? Yes, Your Honor. Two answers to that. First, those are stock arguments that the court need not address if they aren't merit. What do you mean by a stock argument? How are you defining that? They're arguments that people routinely make in cases of this nature, and if there's not something extra about them, if there's not something mitigating about them, then the court need not explicitly address them if it mentions that it has addressed or considered all of the defendant's arguments, which is what happened here. In this case, the court started its sentencing by saying it had reviewed the 12-page submission. It then permitted Mr. Euler and the defendant to give additional arguments in which they reiterated those same issues, and then the government itself mentioned the history and characteristics and alerted the court that it should consider those. And the court said that it did, but it said after considering them, there's too much in the way of criminal conduct, and that's on page 25. That's the court's explanation for why those sort of stock arguments don't merit a reduction in the sentence provided. So how important is it? I mean, I think what I hear you saying is that we do know for a fact that the court was aware of those arguments because of its statement about reading the sentencing memorandum and then the oral exchange that went on at the sentencing hearing. So I take it that's an important factor if we're going to say the court really did procedurally approach the sentence in the right way. Yes, Your Honor, I think that is important, and I think that's what the court has said, and it has addressed specifically these arguments as stock arguments in Newsom and Page and the other, and Sazeeb, specifically holding that these kinds of arguments about education, family characteristics, these sort of standard arguments that are raised in almost all sentencings don't need to be explicitly reiterated. The court need not say, I have considered your family circumstances. I have considered your drug use. I have considered your education. The court doesn't need to go through those in checklist fashion. Is that a good rule? I know we've said that a lot of times. I'm not challenging that. It appears all over the place. But when Judge St. Eve asked the question, what's a stock argument, it actually turns out to be hard to define because all of these things are a little bit different for each person. We do require district courts, let's say, when they're taking a plea under Federal Rule of Criminal Procedure 11 to move through a pretty well-prescribed set of steps. What would be the harm in sentencing of just saying, I've considered the following arguments five minutes longer? It wouldn't take too long. I think one harm is that it requires this sort of talismanic checklist recitation and might actually harm the court's ability to pay attention to the most important arguments. If the court has in front of it a list of things and says, I have to check off all these things and I have to just say the words, the court isn't really providing this court with a meaningful explanation of its sentence. Well, I would if some of the factors just required, I've thought about this and I see nothing out of the ordinary, so the guidance of the guidelines seems sensible to me, but I'm going to focus on argument six and eight. I don't know. I don't see what the harm is, really. That's exactly what this court has instructed courts to do, to say, I have considered your arguments. I have considered the 355-3A factors. I have considered everything that you've submitted. I've heard what you've said, and here's what I think really matters. And you sort of bury what really matters when you require this talismanic language recitation of checklist factors. Where would you draw the line on a stock argument? When does a stock argument become something that the court should individually address? You can't just say that all arguments about drug usage and education are stock arguments because that's just not the case with defendants coming before the court. But where's the line? When does it cross over? I think that's really the district court, and it's individualized in every case. I don't think that you can say, you know, when someone has a college degree, that's not a stock argument. When someone's drug use permeates their criminal history, that's not a stock argument. I think it's individualized in every case, and I think the district court is in the best position to make that determination. But if this court is reviewing what the district court has done and trying to determine if it's stock versus crossing over, how do we make that determination? What's the test? So Brock is a good example of that, the way that Brock distinguishes Cunningham, which talks about whether the argument was a mitigating factor for the crime, a culpability issue rather than just a characteristic issue. So in the crack cocaine disparity cases where the counterfeit drug was the majority of the cocaine, the court should have probably, this court held that the court should have addressed the disparity more seriously because that really undercut the criminal conduct in that case. And so when we're talking about arguments that go to culpability for the crime, it's different than when we're just talking about a person's circumstances and when we consider all those circumstances as a whole, whether the person has presented an extraordinary case. And this court has done the same thing in family circumstances where it has looked at cases where someone is the sole caretaker, and the cases cited by the defendant, specifically in, I think it was in Kenoi, where the court described extraordinary family circumstances, talking about single parents, sole caretakers, and opinions of psychologists or other experts brought to bear about the serious consequences to a person's family that go beyond the normal, ordinary case where someone being taken away from their family is a concern. Schroeder made the same point as well. So when something goes outside of the typical case, outside of the typical impact of a prison sentence, we can call that not a stock argument. But where someone is merely saying, I have a family and I need to support them, that's true for every single person who goes into the criminal justice system. And that is a stock argument that the court implicitly can consider and reject without stating so on the record. And frankly, Your Honor, the cases that the defendants cite bring those points to bear. Pisana is a perfect example, cited by the defendant in that case. The court said the financial circumstances that led the defendant to commit the crime didn't outweigh the serious nature of the case. What about the court's comments on the costs of incarceration? That really seemed out of left field to me. It has nothing to do with the defendant. Talk about stock. That includes virtually every defendant who goes into the BOP. I think it does, but that argument didn't animate this court's decision on sentencing. The court made that statement, and it has made that statement in the past, as pointed out by the defense counsel. But in Dupreist, this court affirmed a sentence. Well, the court did that. The court is entitled to talk about anything it wants as long as it is a relevant... I'm not sure. I'm not going that far. This particular judge, actually one of his colleagues, occasionally really did go pretty far afield, and it cast doubt on the entire sentencing process. I would think the cost of incarceration, if anything, might make you give a lower sentence if you were trying to save the government money, assuming the government was funded. And that's a fair point, Your Honor. And in this case, he did give a lower sentence, 18 months below the low end of the guideline range, two years below what the government recommended. And frankly, what animated the sentence was the court's statement that there was too much in the way of criminal conduct here. It wasn't the cost of incarceration, and there was quite a bit in the way of criminal conduct. This was someone who really terrorized all the employees for a period of six months, and the court took that into consideration and gave him a below-guideline sentence. If there are no further questions... All right, thank you. ...we ask you to affirm. Thank you, Your Honors. Mr. Euler.  This particular district court judge addresses the cost of incarceration in every single sentencing hearing. On the stock argument... Can you detect any pattern? I mean, would you just like to comment on it? Because, as I said, if you were trying to save the government money, you would give somebody a lower sentence, which would be nice for the defendant. Judge Stadmiller routinely imposes sentences slightly below the guideline range, and I believe that his view of the cost of incarceration are the basis for generally departing from that range. But we've said it's very hard, even procedurally, to show if you've gone below the guideline range, what's the problem? Well, again, that would address... go to the substance of reasonableness, which isn't an issue in this appeal. Also, wouldn't that help you? If he's going below the guideline range and using that as a reason, doesn't that generally help your client? I agree with Judge Stadmiller. I'm not complaining. That's not really an issue. But, again, it wasn't really an issue that was contested by the government here either. Well, that explains to the government why he's doing it. Correct. And to this Court. But... I just want to touch briefly on the Hopkins case. I think it supports the appellant's position here. The Court said there that the District Court had rejected the defendant's primary sentencing argument in a single conclusory sentence, and that gives us nothing meaningful to review. I know in our analogy of a high school or elementary school math teacher instructing their students to show their work. I think that's what this Court has really asked District judges to do, and we submit that it wasn't done here. And we would ask that the Court vacate the sentence and remand for another sentencing argument. All right. Well, thank you very much. Thanks to the government as well. We'll take the case under advisement.